FILED'06 AUG 17 14:32 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK S. NELSON,                )    Civil No. 06-3057-PA
                               )
        Plaintiff,             )    **OPINION AND ORDER**
                               )
    v.                         )
                               )
JIM BIDDLE, et al.,            )
                               )
        Defendants.            )
_____)

**PANNER, District Judge.**

Plaintiff Mark Nelson brings this *pro se* action under 42 U.S.C. § 1983 against Jackson County Sheriff's Deputies Jim Biddle, Greg Schuster, and Terry Wilson, Jackson County Assistant District Attorney Sara Glassburner, and three private citizens, Winona McEwen, Jim Blunt, and Nicole Sorenson.

Plaintiff has moved for leave to proceed *in forma pauperis*. He also has filed an "Ex-Parte Motion to Compel Personal Information" which asks the court to require the Jackson County Sheriff's Department to disclose the home or mailing addresses, and the telephone numbers, of defendants McEwen, Blunt, and Sorenson so that Plaintiff may effect service upon those individuals. Before deciding whether to invade the privacy of

1 - OPINION AND ORDER

these private citizens by disclosing their personal information, and subject them to the cost of retaining counsel to defend against this action, I have carefully reviewed the allegations in the Complaint to determine whether it contains anything that, at least on its face, might constitute a legally cognizable cause of action over which this court has jurisdiction.

## Background

According to the Complaint, Plaintiff Nelson was a passenger on an airline flight from Phoenix, Arizona to Medford, Oregon on August 10, 2004. Nelson became embroiled in disputes with several passengers, including defendants Blunt and McEwen. A stewardess, defendant Sorenson, "called the piolets (sic) to radio the police on the ground to arrest Plaintiff . . . ." When the plane landed,

> Plaintiff was met by the Jackson County Sheriff'fs, but was released after a (30) minute conversation with both passengers and Plaintiff (who was removed from the plane before the passengers). Plaintiff was then further harassed by [defendants] Jim Biddle and Greg Schuster, thus Plaintiff called (911), so he was arrested by retaliation from the officers and [defendant] Sargent Wilson (who Plaintiff spoke to on the phone). Plaintiff then went to jail, and was released on his own reconisance. Plaintiff was prosecuted by the Jackson County District Attorney's Office ([defendant] Sara Glassburner) even after she was advised the alledged incident supposedly occured outside the State of Oregon.

Plaintiff states that, at his criminal trial, the charges were dismissed for lack of jurisdiction.

In the Complaint, Plaintiff alleges violations of his First, Fourth, and Eleventh Amendment rights.

2 - OPINION AND ORDER

## Discussion

### A. Defendants Blunt, McEwen, and Sorenson

Defendants Blunt and McEwen were passengers on the plane. Sorenson was a stewardess who allegedly asked the pilot to summon the police and arrest Nelson.

42 U.S.C. § 1983 furnishes a cause of action only against those who act under "color of state law." The typical § 1983 defendant is a public official who allegedly abuses the position given to him by the State, West v. Atkins, 487 U.S. 42, 49-50 (1988), though there are some limited circumstances in which a private actor also may be held liable under section 1983. Id.; Rendell-Baker v. Kohn, 457 U.S. 830, 838-43 (1982) (reviewing prior cases).

A private citizen ordinarily does not act under color of state law merely by making a police report. See, e.g., Butler v. Goldblatt Bros., Inc., 589 F.2d 323, 327 (7th Cir 1978); Smith v. Brookshire Brothers, Inc., 519 F.2d 93 (5th Cir 1975); *Actionability Under 42 USC § 1983, of Claims Against Persons Other than Police Officers for Unlawful Arrest or Imprisonment*, 44 ALR FED 225 (1979) § 15(b). Were the rule otherwise, every person who reports a crime, or an alleged crime, would be deemed to have acted under "color of state law" and potentially would be subject to liability under Section 1983. Albright v. City of Portland, Civil No. 93-1030-AS (D. Or. July 15, 1997), slip op. at 16. Nor does a person act under "color of state law" by giving testimony in a criminal action, as these defendants may have done here.

3 - OPINION AND ORDER

The complaint alleges that the color of state law requirement has been satisfied as to defendant McEwen because she:

> Was a citizen of the State of Oregon, was a supposed to be witness by the Jackson County District Attorney's Office thus she was acting under the color of State law during her active participation in this complaint, as alleged.

This falls far short of what is necessary to adequately allege the "state action" component of Nelson's § 1983 claims against McEwen.  The claims against defendants Blunt and Sorenson suffer from the same fatal defect.

To the extent, if any, that Plaintiff's claims are for harm sustained as a result of sworn testimony given by these witnesses in connection with the criminal charges against Plaintiff, the claims also fail because such testimony is absolutely privileged. Nelson cannot recover damages from witnesses on account of their testimony, even if he believes it was false or malicious.  See, e.g., Briscoe v. LaHue, 460 U.S. 325 (1983).

Although leave to amend a complaint shall be freely granted when justice requires, the court may deny leave to amend if it is apparent that any attempt would be futile.  Jones v. Community Redevelopment Agency of the City of Los Angeles, 733 F.2d 646, 650 (9th Cir. 1984).  It is clear from the detailed factual statement in the Complaint that the defect in the claims against these individuals cannot be cured.  Accordingly, the claims against defendants Blunt, Sorenson, and McEwen are dismissed with prejudice.  Nelson's request for the addresses of those individuals, so he may effect service, is denied as moot.

4 - OPINION AND ORDER

B. **Claims Against Defendants Biddle, Schuster, and Wilson**

Each of these defendants is a Sheriff's deputy. The allegations against them in the Complaint appear to allege conduct that, on its face, might satisfy the "under color of state law" element. Accordingly, the claims against those defendants will be permitted to go forward to the next stage in this action.

C. **Defendant Glassburner**

It is evident from the Complaint that Glassburner was, at all times, acting in her capacity as an Assistant District Attorney prosecuting a criminal complaint. A state prosecuting attorney who acts within the scope of her duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from a civil suit for damages under § 1983 for alleged deprivations of the accused's constitutional rights. Imbler v. Pachtman, 424 U.S. 409 (1976). This immunity applies even if the prosecution was motivated by malice. Id. at 427-28. A prosecutor also is absolutely immune from liability for allegedly failing to investigate the accusations against a defendant before filing charges, or even for the knowing use of false testimony at trial. Broam v. Bogan, 320 F.3d 1023, 1030 (9th Cir. 2003).

The only allegation in the Complaint that gives the court any pause is the assertion that Glassburner acted notwithstanding that it was clear that the criminal charges against Nelson concerned events occurring outside Oregon, over which she had no jurisdiction. However, immunity is forfeited only if the

5 - OPINION AND ORDER

prosecutor acted "in the complete absence of all jurisdiction." See <u>Mireles v. Waco</u>, 502 U.S. 9, 12 (1991) (discussing this concept in the context of judicial immunity, the rules for which are very similar to prosecutorial immunity.)

From Nelson's own description of events, there was at least a colorable basis for a prosecutor to believe that she had jurisdiction to prosecute Nelson in Oregon. Accordingly, Glassburner did not act "in the complete absence of all jurisdiction." A judge or prosecutor does not forfeit his immunity even if it is later determined that he was mistaken about the scope of his jurisdiction. <u>Cf.</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978) (a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). That rule applies to prosecutors as well as judges.

Finally, I note that the claim against Glassburner asserts that she deprived Nelson of his Eleventh Amendment rights. That Amendment addresses the rights of States, not individual citizens, hence the claim fails on that basis as well.

The claim against defendant Glassburner is dismissed with prejudice.

### Conclusion

Plaintiff's Application to Proceed in Forma Pauperis (docket # 1) is granted. The claims against Defendants McEwen, Blunt, Sorenson, and Glassburner are dismissed with prejudice for failure to state a legally cognizable claim for which this court could grant any relief. Plaintiff's motion (# 3) to Compel

Personal Information is denied as moot.  The case will go forward as to the claims against Defendants Biddle, Schuster, and Wilson. Plaintiff may either arrange, on his own, for service to be made upon the remaining defendants, in accordance with the procedures specified in Federal Rule of Civil Procedure 4, or else he may provide the required number of copies of the summons and complaint to the clerk's office along with a request for the United States Marshal to effect service.

IT IS SO ORDERED.

DATED this ___17___ day of August, 2006.

```
                              _____
                                    Owen M. Panner
                                    United States District Judge
```

7 - OPINION AND ORDER